**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Margarito MORA–ESTRADA, Defendant–Appellant.**

**No. 88–1956**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 17, 1989.

was entitled to a decrease of four sentencing levels under the Guidelines, since his role in the conspiracy was minimal and he was therefore less culpable than the other participants. Finally, he asserts that a departure from the Guidelines was mandated because of the mitigating circumstance that he had smuggled only a small portion of the drugs upon which the conspiracy charge was based. We now affirm the sentence.

## I.

■ We first address the constitutional challenge to the Guidelines. In making this challenge, defendant adopted the separation of powers and the non-delegation doctrine arguments urged by the defendant in *United States v. Mistretta*, 682 F.Supp. 1033 (W.D.Mo.), *cert. granted*, — U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988). Pending the Court's decision in that case, we announced in *United States v. White*, 855 F.2d 201 (5th Cir.1988), that the district courts should continue to apply the Guidelines and that we would not rule on their constitutionality.

The Court now has spoken. In *Mistretta v. United States*, — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Court firmly rejected all of the above constitutional challenges to the Guidelines. Hence, the defendant's constitutional challenge is without merit.

Susan Munder Urbieta, El Paso, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., San Antonio, Tex., Helen M. Eversberg, U.S. Atty., El Paso, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Appellant Margarito Mora–Estrada challenges the sentence he received after pleading guilty to conspiracy to purchase marijuana with intent to distribute under 21 U.S.C. § 846. Mora–Estrada first contends that the Federal Sentencing Guidelines (the "Guidelines") under which his sentence was imposed are unconstitutional because the establishment of the Sentencing Commission which drafted the Guidelines constituted an impermissible delegation of legislative power and violated the separation of powers doctrine. He next argues that he

## II.

We now turn to the argument that defendant's sentence should have been reduced four levels because he was only a "minimal" participant in the offense. Sentences imposed under the Guidelines are subject to the deferential "clearly erroneous" standard of review. *See* 18 U.S.C. §§ 3557, 3742(d). We begin by noting that according to the sentencing transcript, defendant's base offense level under the Guidelines was 20, not 18 as he appears to assume on appeal. *See* Guidelines § 2D1.1(a)(3).[1] The transcript reveals that

---

1. First-time drug offenders whose crime has not

resulted in physical injury to others are sen-

he was granted a two-level reduction (to 18) for accepting responsibility for his crime and another two-level reduction (to 16) for being only a minor participant in the conspiracy.

■ As to the merits of defendant's argument, he is correct that "minimal" involvement in a conspiracy may require a four-level reduction in sentence. However, merely being a "minor" participant does not. The Guidelines amply distinguish between minor roles and minimal roles, and only a two-level reduction is warranted for the former. *See id.* § 3B1.2.[2]

■ Mora–Estrada's conduct does not meet the definition of "minimal." He and two other couriers smuggled 110 pounds of marijuana into the country. At the time of his arrest, he alone remained in the vicinity of the drugs and tried to hide them while the other couriers fled. We certainly are unable to conclude that the district court's refusal to designate defendant's role as minimal rather than minor was clearly erroneous; the court's finding was, in fact, patently correct.

## III.

■ Defendant's final contention, that mitigating circumstances somehow required a lighter sentence, is similarly unpersuasive. It is difficult to discern the point of defendant's argument. If he means that the fact of his carrying only a third (or some smaller portion) of the drugs seized is a mitigating circumstance that rendered his involvement minimal or minor, thereby requiring a reduction under the Guidelines, then this contention is identical to that disposed of above. If, on the other hand, defendant is arguing that these same circumstances bring his case beyond the contemplation of the Guidelines, such that they should have been set aside in sentencing him, we simply cannot agree.

The facts of this case are unremarkable. Defendant was caught with a large quantity of drugs under circumstances revealing that two other individuals had helped him smuggle them into the country. These two individuals, by all indications, were less interested in protecting the shipment than he was, as they fled the scene and were not apprehended. The role of "higher-ups" in the conspiracy in relation to defendant's role is completely unclear. Defendant asserts that the Guidelines must be reconciled with the law of conspiracy in a reasonable manner, such that someone who is implicated in a small way in an expansive, ongoing drug smuggling operation should not have to receive a sentence justly deserved only by the masterminds of the conspiracy.

We conclude that section 3B1.2 of the Guidelines has accomplished this very goal

tenced according to the weight of the particular illegal substance upon which the charges against them are based.

2. The commentary and application notes to this section define these respective roles as follows:
   1. Subsection (a) applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.
   2. It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling opera-

tion than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.
   3. For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.
   *Background:* This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant. The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case.

by requiring a four-level reduction for minimal participants and a two-level reduction for minor participants, as discussed above. In this case, defendant received a two-level reduction. Moreover, these facts do not involve a conspiracy charge based upon an enormous, ongoing drug operation. The charge was based upon the gross weight of the drugs seized upon defendant's arrest, not an aggregate amount obtained from several busts, including those at which he was not present.

Defendant was sufficiently linked to *all* of the drugs upon which the charge was based for him to bear full responsibility. The proper remedy under the Guidelines in order to receive a greater reduction, is for the defendant to show that he was minimal participant. Where, as here, such a case cannot be made, it certainly is not incumbent upon a court, and, in fact, it would be improper, to set aside the Guidelines in order to accommodate every claim that a defendant's situation is unique. To do so would defeat the very purpose of the Guidelines of insuring uniform and fair sentences for a given class of offenses.

AFFIRMED.